UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                              :

MADELEINE CEDENO, *individually, and on behalf of*   :
*all others similarly situated*,   :
                                                                              :

                                  Plaintiff,   :                      24-CV-1186 (JMF)
                                                                              :
                -v-                                           :
                                                                             :            <u>MEMORANDUM OPINION</u>
BLUEMERCURY, INC.,   :                     <u>AND ORDER</u>
                                                                             :
                                Defendant.   :
                                                                             :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On February 16, 2024, Plaintiff filed a Complaint in which she invoked the Court's subject-matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). *See* ECF No. 1 ("Compl."), ¶ 7. On preliminary review, the Complaint appears to suffer from several potentially fatal jurisdictional defects.

      First, federal courts have subject-matter jurisdiction pursuant to CAFA only where the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). A party invoking federal jurisdiction must show a "a reasonable probability that the claim is in excess of the statutory jurisdictional amount," but courts "recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of U.S.,* 347 F.3d 394, 397 (2d Cir.2003) (internal quotation marks omitted); *see also Ebin v. Kangadis Food Inc.*, No. 13-CV-2311 (JSR), 2013 WL 3936193, at *2 (S.D.N.Y. July 26, 2013). Here, Plaintiff fails to meet even this minimal burden, as she alleges only conclusorily that "the total claims of individual members of the proposed Class . . . are well in excess of $5,000,000, exclusive of

interest and costs." Compl. ¶ 7; *see Ballard v. U.S. Bank N.A.*, No. 20-CV-5129 (NSR), 2020 WL 6381134, at *7 (S.D.N.Y. Oct. 29, 2020). Further, given the nature of Plaintiff's claims, which relate only to the timing of her pay, it seems unlikely that the amount in controversy would exceed $5,000,000. Therefore, the Court is unable to exercise jurisdiction under CAFA based on the allegations in the Complaint.

In addition, it is not clear that the Complaint alleges an injury-in-fact sufficient to confer Article III standing. A statutory violation alone, without a tangible injury or close parallel to a traditional cause of action, does not constitute an injury that can be recognized by the federal courts. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). In the wage-and-hour context, plaintiffs have been found to allege a sufficient tangible injury where they plausibly connect the statutory violation to "the underpayment of wages." *See Mateer v. Peloton Interactive, Inc.*, 22-CV-740 (LGS), 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022); *Imbarrato v. Banta Mgmt. Servs., Inc.*, 2020 WL 1330744, at *9 (S.D.N.Y. Mar. 20, 2020). Short of that, however, courts routinely dismiss such cases for lack of standing where the plaintiffs allege only "technical violations of the NYLL." *Francisco v. NY Tex Case, Inc.*, No. 19-CV-1649 (PKC), 2022 WL 900603, at *6 (S.D.N.Y. Mar. 28, 2022); *see also Metcalf v. TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 341 (S.D.N.Y. Sept. 30, 2022); *Sevilla v. House of Salads One LLC*, No 20-CV-6072 (PKC), 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022); *Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022). Here, Plaintiff alleges that she "lost the time-value of [her] money" when Defendant paid her on a bi-weekly (as opposed to weekly) basis, as she "could not invest, earn interest on, or otherwise use [the] monies that were rightfully hers." Compl. ¶ 10. But that claimed monetary harm appears to be "purely hypothetical" in this case, as Plaintiff does not

demonstrate how a one-week delay in her ability to "invest, earn interest on, or otherwise use [the] monies" resulted in his being "underpaid." *Id.*; *see Shi v. TL & CG Inc.*, No. 19-CV-8502 (SN), 2022 WL 2669156, at *7 (S.D.N.Y. July 11, 2022).

In light of the foregoing, it is hereby ORDERED that Plaintiff show cause in writing by **March 1, 2024**, why this case should not be dismissed for lack of subject-matter jurisdiction. Defendant may file a response no later than **March 8, 2024**. If Plaintiff fails to show cause or does not file anything by the deadline, the Court will dismiss the case for lack of subject-matter jurisdiction without further notice to the parties.

Finally, Plaintiff is directed to serve on Defendant a copy of this Order, and to file proof of such service on the docket, **within two business days of this Order**.

SO ORDERED.

Dated: February 21, 2024
New York, New York

JESSE M. FURMAN
United States District Judge

3